1

2

3

4                                                              **E-FILED on**  3-17-2006

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   CHESTER WILLIAM CECIL,                    | No. C-05-04132 RMW

13          Plaintiff,                          | ORDER GRANTING MOTION TO DISMISS

14      v.                                      | **[Re Docket Nos. 6, 17, 22]**

15   LELAND STANFORD JUNIOR
     UNIVERSITY, and DOES 1 through 100,
16
            Defendants.
17

18

19          Defendant Stanford University moves to dismiss plaintiff Chester Cecil's three causes of

20   action as preempted by § 301 of the Labor Management Relations Act ("LMRA").  For the reasons

21   set forth below, the court grants defendant's motion.

22                              **I. BACKGROUND**

23          Generally, the following facts are taken from the complaint and are accepted as true (as they

24   must be) for the purposes of the defendants' motions to dismiss.  Additional facts are taken from the

25   collective bargaining agreement ("CBA") governing Cecil's employment.[1]  According to the Ninth

26   Circuit, "a district court is free to hear evidence regarding jurisdiction and to resolve factual disputes

27   _____

28          [1]     Cecil acknowledges the existence of a CBA between his union (United Stanford
     Workers Local 715) and Stanford that covers his employment with Stanford.  *See* Compl. ¶ 9; Opp'n
     at 2.

ORDER GRANTING MOTION TO DISMISS—No. C-05-04132 RMW
JAH

1   in determining whether it has jurisdiction over a claim." *Inlandboatmens Union of Pac. v. Dutra*

2   *Group*, 279 F.3d 1075, 1083 (9th Cir. 2002); *see also Young v. Anthony's Fish Grottos, Inc*., 830

3   F.2d 993, 997 (9th Cir. 1987) (noting that although complaint did not mention collective bargaining

4   agreement, district court "properly looked beyond the face of the complaint to determine whether the

5   contract claim was in fact a section 301 claim for breach of a collective bargaining agreement

6   'artfully pleaded' to avoid federal jurisdiction").  Facts have also been taken from the declaration of

7   Cecil's attorney; Stanford does not object to consideration of this declaration and even cites to it.

8   *See* Reply at 3.

9          Some years ago, Stanford University hired Chester Cecil as a full-time employee in the

10  position of "HVAC Mechanic."  Compl. ¶ 12.  Cecil and Stanford "entered into a written

11  employment agreement" on October 16, 1984.  *Id*. ¶ 30.  On February 5, 2004, Cecil was cited for

12  driving under the influence of alcohol.  *Id*. ¶ 14.  As a result, the California Department of Motor

13  Vehicles revoked his driver's license for one year.  *Id*.  Cecil informed his supervisor of the

14  revocation, who initially told Cecil that he might have to take a leave of absence while his license

15  was revoked, but later informed Cecil that he had to have a valid driver's license to continue working

16  for Stanford.  *Id*. ¶¶ 16-17.

17         On June 14, 2004, Cecil requested a personal leave of absence; Stanford denied his request

18  on June 29.  *Id*. ¶¶ 18-19.  Cecil then requested that his union file a grievance on his behalf to

19  challenge the denial of his request for a leave.  *Id*. ¶ 20.  Cecil was then "informed that if he checked

20  himself into a rehabilitation center for possible substance abuse, action to terminate his employment

21  would cease."  *Id*.  Cecil attempted to obtain admittance to a hospital, but could not be admitted until

22  July 19, 2004.  *Id*. ¶ 21.  On July 7, 2004, his union representative informed him that if he was not

23  admitted into rehabilitation by the next morning, his employment would be immediately terminated.

24  *Id*. ¶ 22.  The next day, Cecil was informed that he would still be fired if he lacked a valid driver's

25  license at the end of his rehabilitation and that he would not be granted any personal leave.  *Id*. ¶ 23.

26         To avoid termination, Cecil, on the advice of his union, submitted a letter in which he stated

27  he was taking early retirement "under duress."  *Id*. ¶ 24.  Stanford refused to accept his letter because

28

ORDER GRANTING MOTION TO DISMISS—No. C-05-04132 RMW
JAH                                                                    2

of the mention of duress.  *Id*.  Cecil sent Stanford a second letter removing the reference to duress.
*Id*.

It is unclear what—if anything—of relevance happened during the late summer and early
autumn of 2004, but in November 2004, Cecil retained his present attorney, Steven Zavodnick.
Zavodnick Decl. ¶ 2.  Zavodnick contacted Stanford and was referred to its "Director of Employee
and Labor Relations," Susan Hoerger.  *Id*. ¶ 3.  Zavodnick repeatedly called Hoerger until he
reached her on December 6, 2004.  *Id*. ¶ 4.  Hoerger then told Zavodnick she would not recognize
him as Cecil's representative until Cecil sent her a letter changing his representative from his union
to Zavodnick.  *Id*.  On December 13, 2004, Cecil notified Hoerger in writing that he was substituting
Zavodnick for the union.  *Id*. ¶ 5.  After another six weeks of leaving "numerable" unreturned
voicemail messages for Hoerger, Zavodnick reached her in January 2005 by calling from another
number.  *Id*. ¶ 6-7; Compl. ¶ 9.  Hoerger then informed him Stanford "would not recognize any
action brought by" Cecil without his union's representation.  Compl. ¶ 9.

On June 21, 2005, Cecil filed suit against Stanford in the California Superior Court.  Notice
of Removal ¶ 1.  Cecil alleged three causes of action: constructive termination, breach of contract,
and breach of implied contract.  Compl. at 4, 7, 10.  On October 12, 2005, Stanford removed the
action to this court.  Notice of Removal at 1.  Stanford now moves to dismiss Cecil's three causes of
action as preempted by § 301 of the LMRA.

## II. ANALYSIS

Defendants contend that all three causes of action alleged by plaintiff are completely
preempted by § 301 of the LMRA and therefore are within this court's jurisdiction.  Section 301 of
the LMRA provides for federal jurisdiction over "[s]uits for violation of contracts between an
employer and a labor organization."  29 U.S.C. § 185(a).  Suits claiming a breach of a CBA are
governed by § 301, which displaces any state claim[2] based on a CBA, as well as any state claim the

---

[2]   It is unclear under what legal theories Cecil seeks to proceed.  His complaint refers to
no statute or case.  His opposition to this motion likewise refers to no statute or case other than 28
U.S.C. § 1441(b), which Cecil cites in passing when discussing Stanford's removal of this action
from state court.  Cecil does mention a "fundamental constitutional right" in his opposition, *see*
Opp'n at 4, but does not identify it.  A fair reading of Cecil's complaint, though, is that he is alleging
state-law claims, and he indicated at the hearing on this motion that his complaint was indeed

ORDER GRANTING MOTION TO DISMISS—No. C-05-04132 RMW
JAH                                                                    3

1  outcome of which depends on the interpretation of the terms of a CBA.  *Young*, 830 F.2d at 997;

2  *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1998); *Cook v. Lindsay Olive Growers*,

3  911 F.2d 233, 237 (9th Cir. 1990).  A state claim is also preempted by § 301 where it does not

4  specifically refer to a CBA but is nonetheless "substantially dependent upon analysis of the terms of

5  an agreement made between the parties in a labor contract."  *Allis-Chalmers Corp. v. Lueck*, 471

6  U.S. 202, 213 (1985).

7       Stanford moves to dismiss each of Cecil's causes of action as preempted by § 301, asserting

8  that Cecil's claims boil down to "whether Stanford required Plaintiff to maintain to [sic] possess a

9  valid driver's license as a condition of and to perform his work, and whether Stanford was within its

10  discretion to deny his request for leave of absence, and allegedly constructively terminated him," all

11  of which is within the ambit of the CBA.  Mot. at 3.  In his opposition to Stanford's motion to

12  dismiss, Cecil does not discuss his claims individually.  Rather, the gist of his argument seems to be

13  that Stanford breached the CBA by not allowing Zavodnick to represent Cecil in his grievance.  *See*

14  Opp'n at 3.

15       Cecil's second cause of action, for breach of contract, is clearly preempted by § 301.  While

16  Cecil's complaint does not refer to the CBA, his position of "HVAC Mechanic" is covered by the

17  CBA.  CBA, Ex. A-2 at 4.  Whether the contract allegedly breached is the CBA or an individual

18  contract, the result is the same:  "Because any independent agreement of employment concerning

19  that job position could be effective only as part of the collective bargaining agreement, the CBA

20  controls and the contract claim is preempted."  *Young*, 830 F.2d at 997 (quotation marks and

21  brackets omitted).

22       Cecil's other two claims, for constructive termination and breach of implied contract, are

23  preempted as well.  Analysis of these claims is "substantially dependent" on the provisions in the

24  CBA concerning pertaining to termination.  *See* CBA, art. IX.B.1 (no termination "except for just

25  cause").  Cecil himself argues that Stanford violated paragraph 40 (article I.C.9.b) of the CBA by

26  excluding Zavodnick from the CBA's grievance process.  Opp'n at 3.  As the court cannot consider

27  these other two claims independently of the CBA, they are preempted by § 301.

28

framed entirely in state-law terms.

ORDER GRANTING MOTION TO DISMISS—No. C-05-04132 RMW
JAH                                                                                                    4

1    Where claims are completely preempted by § 301 of the LMRA, courts must decide whether

2  to dismiss them or treat them as claims brought under § 301.  *Allis-Chalmers*, 471 U.S. at 220-21.

3  Stanford makes a conclusory argument that Cecil has failed to exhaust his extrajudicial remedies

4  under the CBA, mandating dismissal of his action under (for example) *Ritza v. International*

5  *Longshoremen's and Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988).  As noted in *Ritza*,

6  failure to exhaust the grievance process under a CBA is akin to a jurisdictional defect and thus

7  requires a court to make factual findings in the course of a motion to dismiss under Rule 12(b).

8  *Ritza*, 837 F.2d at 368-69.  While Stanford discusses the standard for dismissal in such

9  circumstances, it has neither presented nor pointed to evidence that Cecil failed to exhaust his

10  remedies under the CBA before filing suit.  *See* Reply at 9-10.  In fact, Cecil's evidence at present

11  allows an inference that he pursued the grievance process as far as he could.  *See* Zavodnick Decl.

12  ¶ 7.  The court thus lacks sufficient evidence to make a determination regarding exhaustion of

13  remedies under the CBA.  The court will therefore merely dismiss all of Cecil's claims as preempted,

14  rather than treating them as § 301 claims at this time.

15    Federal Rule of Civil Procedure 15(a) generally requires leave of court to amend a

16  complaint, though leave is to "be freely given when justice so requires,"  Fed.R.Civ.P. 15(a), and it

17  is generally not appropriate to deny leave "unless it is clear . . . that the complaint could not be saved

18  by amendment."  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

19  Stanford's entire argument for dismissing Cecil's complaint with prejudice is "Defendants request

20  that the Motion to Dismiss be granted with prejudice to refiling.  *Cater v. Norfolk Comm. Hospital*

21  *Ass'n.* 761 F.2d 970, 974 (4th. Cir., 1985)."  Reply at 10.   As it is not clear that Cecil's complaint

22  cannot be saved by amendment, the court grants him thirty days' leave to file an amended complaint

23  and attempt to state a viable claim that is not preempted by § 301.

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS—No. C-05-04132 RMW
JAH                                                                              5

1                                    **III.  ORDER**

2            For the foregoing reasons, the court:

3            1.      dismisses the complaint as completely preempted by § 301 of the LMRA;

4            2.      grants plaintiff thirty days' leave to file an amended complaint.

5

6

7    DATED:           3/8/06                              /s/ Ronald M. Whyte
                                                          RONALD M. WHYTE
8                                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS—No. C-05-04132 RMW
JAH                                                  6

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**

3    Steven D Zavodnick       szavodnick@verizon.net

4    **Counsel for Defendants:**

5    Michael Terence Lucey       mlucey@gordonrees.com
      Carol Capri Copsey       ccopsey@gordonrees.com

6

7    Counsel are responsible for distributing copies of this document to co-counsel that have not
      registered for e-filing under the court's CM/ECF program.

8

9

10

   **Dated:**      3-17-2006          /s/ JH

11                                   **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS—No. C-05-04132 RMW
JAH                                         7